UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BENJAMIN HOUGHTON
BEACH,

        Plaintiff

v.

CORIZON HEALTH, INC.,

        Defendant.
_____/

Case No. 4:21-cv-10401
District Judge Matthew F. Leitman
Magistrate Judge Anthony P. Patti

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT CORIZON HEALTH, INC.'S MOTION FOR SUMMARY JUDGMENT FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES (ECF No. 18) and DISMISS THIS MATTER AS TO DEFENDANT CORIZON HEALTH WITHOUT PREJUDICE**

**I.**    **RECOMMENDATION:** The Court should **GRANT** Defendant Corizon Health, Inc.'s November 8, 2021 motion for summary judgment for failure to exhaust administrative remedies (ECF No. 18), **DISMISS** this matter as to Defendant Corizon Health **WITHOUT PREJUDICE**, and provide that, if and when Plaintiff refiles his suit against Corizon Health, he may apply for relief from a second filing fee.

**II.**    **REPORT:**

    **A.**    **Background**

1

Benjamin Houghton Beach (#498111) is currently incarcerated at the Michigan Department of Corrections (MDOC) Charles Egeler Reception and Guidance Center (RGC). The record in this case suggests that Plaintiff had positive fecal occult blood tests in February 2020, was diagnosed with invasive adenocarcinoma in June 2020, underwent a CT scan in August 2020, underwent an MRI in September or October 2020, had surgery in December 2020, and had an off-site visit in January 2021. (ECF No. 18-1, PageID.77-78, 80; ECF No. 1, PageID.8-10 [Pl.'s Affid.].)

On February 10, 2021, while located at the MDOC's Duane Waters Health Center (DWH), Plaintiff filed the instant, verified matter against three parties – the MDOC, Heidi Washington (MDOC Director), and medical provider Corizon (*i.e.*, Corizon Health, Inc.). (ECF No. 1, PageID.1, 6.) Plaintiff's initiating document does not take the form of a traditional complaint, which includes a statement of jurisdiction, identification of the parties, a factual background, and delineated causes of action. Instead, it consists of: (1) a 7-page motion requesting appointment of counsel; (2) a 3-page affidavit of facts; and, (3) a 1-page statement of trust account. (ECF No. 1, PageID.1-10.) Nonetheless, it is labeled with a caption, mentions 28 U.S.C. .§ 1983, describes the alleged events of January 2020 through his January 29, 2021 transfer to DWH, and requests the appointment of counsel – in part to "file a preliminary injunction against Corizon and the MDOC's

2

part in this violation of [his[ civil rights," and, "*upon exhaustion of remedies*[,] file a 1983 civil suit[] for cruel and unus[u]al punishment." (ECF No. 1, PageID.7 (emphasis added); *see also* ECF No. 5, PageID.18-19.)

Plaintiff paid the filing fee. (ECF 03/17/2021; ECF No. 5.) The case was stayed and referred to the *Pro Se* Prisoner Early Mediation Program. (ECF No. 6.) In May 2021, Plaintiff represented that he had completed chemotherapy and radiation, was awaiting consultation with a surgeon and testing, and wanted to have testing and surgery prior to mediation. (ECF No. 9.) Presumably, the surgery to which he was referring was a "resection and coloanal anastomosis (a surgical procedure in which the colon is attached directly to the remainder of the rectum after some of it has been removed during surgery for rectal cancer)." (ECF No. 18-1, PageID.77.)

Although mediation was originally scheduled for September 14, 2021, it was rescheduled for October 12, 2021. (ECF Nos. 10, 11.) On October 14, 2021, Judge Leitman entered an order dismissing the claims against Defendants MDOC and Washington, lifting the stay, and permitting the claims against Corizon Health to proceed. (ECF No. 12.) Corizon Health has appeared via counsel.

B.   **Pending Motions**

On October 20, 2021, Judge Leitman referred this case to me for pretrial matters. (ECF No. 16.) Currently before the Court is Corizon Health's November

3

8, 2021 motion for summary judgment for failure to exhaust administrative remedies (ECF No. 18), regarding which a response has been filed (ECF No. 23).[1] As this Court has noted, motions based on Section 1997e(a) are well-suited to analysis under Fed. R. Civ. P. 56.  *See Anderson v. Jutzy*, 175 F. Supp. 3d 781, 787 (E.D. Mich. 2016) (Lawson, J.) ("The summary judgment motion is especially well suited to pretrial adjudication of an exhaustion defense, because proof of lack of exhaustion generally requires resort to matters outside the pleadings, such as affidavits or documentary evidence.") (citing *Wysocki v. Int'l Bus. Mach. Corp.*, 607 F.3d 1102, 1104 (6th Cir. 2010)).

### C. Discussion

Defendant Corizon Health correctly notes that "[t]he PLRA Requires Plaintiff to Exhaust All Administrative Remedies *Prior to* Bringing a Claim Under 42 U.S.C. § 1983[.]"  (ECF No. 18, PageID.65-66 (emphasis added).)  "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility *until* such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).

---

[1] It appears Plaintiff's March 2021 request for assistance from a legal writer was granted, because his December 2021 response was prepared "with the assistance of a non-attorney prisoner assigned to the Legal Writer Program with the [MDOC]."  (ECF No. 5, PageID.20; ECF No. 23, PageID.113.)

The MDOC's 3-step prisoner/parolee grievance procedure is set forth in MDOC PD 03.02.130 (effective March 18, 2019).  (ECF No. 18-2.)  Importantly, this policy directive provides: "[c]omplaints filed by prisoners regarding grievable issues as defined in this policy serve to exhaust a prisoner's administrative remedies only when filed as a grievance through all three steps of the grievance process in compliance with this policy."  (*Id.*, ¶ C.)

Defendants have produced a copy of Plaintiff's MDOC Prisoner Step III Grievance Report, which indicates that Plaintiff has pursued a single grievance through Step III – namely LRF-20-11-1306-12D1, which concerns Plaintiff's June 26, 2020 diagnosis of "adenocarcinoma anorectal cancer" and Corizon Health's alleged actions in the wake of that diagnosis.  (ECF No. 18-1, PageID.74, 78-79.)  It progressed as follows:

- The Step I grievance was dated November 6, 2020 and received at Step I on November 18, 2020, and the corresponding response was dated November 25, 2020.  (*Id.*, PageID.78-80.)

- The Step II appeal is dated December 15, 2020 and was received at Step II on January 5, 2021, and the corresponding response was dated February 1, 2021.  (*Id.*, PageID.76-77.)

- Plaintiff apparently completed his Step III appeal on February 12, 2021, it was received at Step III on February 22, 2021, and the Step III response was dated March 2021.  (*Id.*, PageID.74-75, 81-86.)

As noted above, Plaintiff was transferred to DWH on January 29, 2021.  (ECF No. 1, PageID.3-4 ¶¶ 9-10, 8-10 ¶¶ 2-3.)  Even though this occurred during Plaintiff's

pursuit of LRF-20-11-1306-12D1, the transfer does not appear to have adversely affected the grievance's outcome, as each of the MDOC's three responses were on the merits. (*Id*., PageID.75, 77, 80.) And it seems he was still located at DWH when he wrote to the Court in March 2021 (ECF No. 5, PageID.18, 20), although in December 2021 he was allegedly confined at RGC in C-Unit, "a medical housing facility which offers no direct access to the prison law library to conduct legal research[,]" (ECF No. 20, PageID.97).

More to the point, whatever the progression of Plaintiff's transfers between correctional centers and health facilities, Plaintiff initiated this matter on February 10, 2021 (*i.e.*, the post-marked date) (*see* ECF No. 1, PageID.12), a date prior to the apparent February 12, 2021 date of his Step III appeal and prior to the MDOC's February 22, 2021 receipt of his Step III appeal. Accordingly, to the extent Plaintiff is relying upon his pursuit of LRF-20-11-1306-12D1 to exhaust his claims against Corizon Health, his lawsuit is premature. In fact, Plaintiff accepts this conclusion, as he admits: (1) he "has not fully exhausted his administrative remedies at the time the action in this case was 'brought[;]'" and, (2) the "[c]omplaint [was] filed 'before' administrative remedies were fully exhausted[.]" (ECF No. 23, PageID.130, 135-136.)

Nonetheless, Plaintiff appropriately argues that the "[d]ismissal of this action should be 'without prejudice'[.]" (ECF No. 23, PageID.136-137.) *See*, *e.g.*,

*Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999) (recognizing that "plaintiff made some attempts to go through the prison's grievance procedures," noting that "he filed his federal complaint before allowing the administrative process to be completed[,]" and remanding with direction that the case be "dismissed without prejudice for failure to exhaust administrative remedies."). Moreover, Plaintiff correctly notes that "when a prisoner 'refiles' a complaint raising the *same* prison-conditions claims as a complaint that was initially dismissed without prejudice for failure to exhaust under the PLRA, . . . the prisoner need not pay an additional filing fee under 28 U.S.C. § 1914(a)." *Owens v. Keeling*, 461 F.3d 763, 773 (6th Cir. 2006)) (emphasis added). (ECF No. 23, PageID.138-139.)

### D.   Conclusion

At this point, the Court need not address either Corizon Health's contention that LRF-20-11-1306-12D1 "does not comport with the specific issues raised in the lawsuit[,]" (ECF No. 18, PageID.69), or Plaintiff's argument that "[a]ll administrative remedies [were] 'properly' exhausted on March 31, 2021[,]" (ECF No. 23, PageID.131-135). The question of whether Plaintiff's Step I grievance form (ECF No. 18-1, PageID.78-79) encompasses Plaintiff's surviving claim against Corizon Health (ECF No. 1) is best left for Plaintiff's anticipated, refiled lawsuit, at which time his claims are presented <u>in the form of a complaint that complies with the Federal Rules of Civil Procedure, in particular Fed. R. Civ. P.</u>

7

8(a) ("Claim for Relief.") and Fed. R. Civ. P. 10 ("Form of Pleadings"). For all this Court knows, the scope of Plaintiff's anticipated, forthcoming lawsuit could differ from the initiating document here, which will be dismissed if the Court accepts my recommendation. Better yet, *perhaps the parties will resolve this matter out of Court*, without the need to file a new lawsuit. Of course, any change in scope may also effect the Court's willingness to waive a second filing fee.

Accordingly, the Court should **GRANT** Corizon Health, Inc.'s November 8, 2021 motion for summary judgment for failure to exhaust administrative remedies (ECF No. 18), **DISMISS** this matter as to Defendant Corizon Health **WITHOUT PREJUDICE**, and provide that, if and when Plaintiff refiles his suit against Corizon Health, he may apply for relief from a second filing fee.

### III. PROCEDURE ON OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health &*

8

*Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1273 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc.* Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: March 24, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE